THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
XOCHITL D. ARTEAGA (Cal. Bar # 239351)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0500
     Facsimile: (213) 894-0141
     E-mail: xochitl.arteaga@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-1222(A)-SVW |
| Plaintiff, | GOVERNMENT'S NOTICE OF MOTION AND MOTION IN LIMINE FOR ORDER ALLOWING INTRODUCTION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b); MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| CARMEL A. TELLO, | |
| Defendant. | Trial Date:   August 5, 2008 |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Xochitl D. Arteaga, hereby moves the Court in limine for an order allowing introduction of evidence at trial pursuant to Federal Rule of Evidence 404(b). The evidence the government intends to introduce is testimony from defendant's former step-daughter that defendant had sexual contact with her and attempted to have sex with her when she was 16 years old.

```
Dated: August 1, 2008            Respectfully submitted,

                                 THOMAS P. O'BRIEN
                                 United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 XOCHITL D. ARTEAGA
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant Carmel Tello is a 50-year-old man who attempted to have sex with a 13-year-old girl.  He is currently charged with using the internet to entice and persuade the girl to have sex with him, and is also charged with traveling from Arizona to California in order to meet that same 13-year-old girl for sex. The government has learned that defendant also attempted to have sex with another minor – his 16-year old stepdaughter.  The government hereby gives notice of its intent to call defendant's former stepdaughter, Dawn Simmons, to testify in its case-in-chief.  In the alternative, should defendant contend that he has no sexual interest in teenage girls, the government would seek to call Ms. Simmons as a rebuttal witness.

Defendant's sexual activity with his stepdaughter is properly admissible pursuant to Federal Rule of Evidence 404(b).

**II.**

**FACTS**

Defendant is charged in a two-count first superseding indictment with attempting to induce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and with traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).  Both charges stem from defendant's online conversation between May 16 and October 19, 2007, with two undercover FBI agents posing online as 13-year-old girls using the screen names "Calbrittney93" and "Cutelagrl93."  In those chats, defendant repeatedly discussed

1

having sex with minor girls and described a variety of sexual activity he would like to have.  Defendant arranged to pick up "Cutelagrl93" in Los Angeles on October 19, 2007, so that the two could have sex, and so that the thirteen year old could go and live with defendant in Arizona. FBI agents arrested defendant when he arrived as scheduled to meet "Cutelagrl93" at the predetermined meeting location.  During the recorded post-arrest interview, defendant signed a written waiver of rights and admitted to engaging in the sexual chats with "Cutelagrl93."  He also admitted that his "problem" talking to minor girls online has gotten worse, and that he may have asked young girls to come to his house before.  Defendant also admits that had "Cutelagrl93" been interested in having sex with him, he would indeed have had sex with her.[1]

The government has recently learned that defendant engaged in sexual contact, and attempted to have sex with, his 16-year-old stepdaughter. (Exhibit A, bates number 1049-1050.) On one afternoon in approximately 1997, defendant, who was married at that time to Ms. Simpson's mother, bought alcohol for himself and his then-stepdaughter.  After a game of truth or dare, Ms. Simpson and the defendant "ended up naked" and "kissed". Id. Ms. Simpson did not want to have sex with her stepfather, and represents that the two stopped contact prior to having sex despite defendant's interest in having sex with her. Id.

///

---

[1] A more robust recitation of the facts and law are included in the government's initial Motion in Limine, filed on July 2, 2008.

2

**III.**
**ARGUMENT**

**A. DEFENDANT'S SEXUAL ACTIVITY WITH HIS 16-YEAR OLD STEPDAUGHTER IS ADMISSIBLE**

**1. The Proffered Evidence Is Relevant**

In order to prove the charged conduct, the government must establish, among other things, defendant's intent and knowledge when committing the charged conduct.  The government expects that defendant's knowledge and intent to commit the charged offenses will be the primary dispute at trial since defendant is unlikely to credibly challenge that he participated in the chat sessions, or that he traveled from Arizona to California.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Under Federal Rule of Evidence 402, "all relevant evidence is admissible," unless otherwise made inadmissable by the Constitution or federal law or rule.  Fed. R. Evid. 402.  Accordingly, the proffered evidence is relevant and admissible under Federal Rule of Evidence 402 because it bears directly on the key contested issue of defendant's intent: did the defendant intend to have sex with a minor?  The fact that he attempted to have sex with his 16-year old stepdaughter indeed makes it more probable that his intentions with regards to "Cutelagrl93" were sexual in nature.

**2. The Proffered Evidence Is Admissible under 404(b)**

The government submits that the proffered evidence is admissible under Rule 404(b) to show defendant's motive, intent,

3

and absence of mistake in committing the charged offenses. Evidence is admissible under Rule 404(b) if:

> (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005) (internal citations and quotations omitted).

The proffered evidence meets all four prongs.  Given that Count Two charges defendant with traveling to have sex with a minor, defendant's behavior is material to establishing defendant's intent with regards to the 13 year old he had been communicating with.  The evidence, while 10 years old, is not too remote in time.  "Similarity of prior acts to the charged offense may outweigh concerns of remoteness in time."  United States v. Hadley, 918 F.2d 848, 850-51 (9th Cir. 1990).  See also United States v. Meacham, 115 F.3d 1488, 1492 (10th Cir. 1997)(admission of victim testimony concerning prior sexual molestation that occurred 30 years beforehand admissible).  Defendant was approximately 40 years old at the time he engaged in sexual activity with the 16-year old.  The evidence demonstrates that defendant, as a fully grown adult, acted on his sexual interest in teenage girls.  In addition, the evidence is also sufficient because it comes in the form of first-person testimony.

Finally, the act – attempting to have sex with an underage girl – is similar to the charged conduct.  The case law confirms

4

that evidence of the type proffered by the government is admissible under 404(b). See United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997) (In 404(b) analysis, intent is plainly an element of transporting a minor with intent to engage in criminal sexual activity under 18 U.S.C. § 2423(a)). Evidence tending to prove that defendant had prior sexual contact with a teenager is material to this case. United States v. Long, 328 F.3d 655, 663 (D.C. Cir. 2003) (affirming admission of evidence of prior sexual relations with non-minor teenagers to prove intent in interstate transport of a minor for sex case).

**B.  THE PROBATIVE VALUE OF THE EVIDENCE OFFERED BY THE GOVERNMENT OUTWEIGHS ANY UNFAIR PREJUDICE TO THE DEFENDANT**

Evidence offered under Federal Rule of Evidence 404(b) "must also satisfy the Rule 403 balancing test -- its probative value must not be substantially outweighed by the danger of unfair prejudice." United States v. Montgomery, 150 F.3d 983, 1000-01 (9th Cir. 1998) (affirming admission of prior 10-year-old conviction for conspiracy to manufacture methamphetamine in conspiracy to distribute methamphetamine case); see also Mehrmanesh, 689 F.2d at 830 ("the evidence is admissible only after the Government demonstrates . . . that, on balance, its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant"). The district court must engage in a balancing of the probative value of the evidence against danger of unfair prejudice created by the evidence:

> The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other

5

     factors appropriate for making decisions of this kind under Rule 403.

Fed. R. Evid. 404(b), advisory committee's note; <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 604 (9th Cir. 1993).  Evidence is not to be excluded, however, unless the probative value of the prior bad acts is "substantially outweighed" by the danger of unfair prejudice.  Fed. R. Evid. 403 (emphasis added); <u>Blitz</u>, 151 F.3d at 1009; <u>United States v. Skillman</u>, 922 F.2d 1370, 1374 (9th Cir. 1990).  Ninth Circuit precedent holds that Rule 404(b) is a "rule of inclusion" pursuant to which evidence of other crimes or acts is admissible, "except where it tends to prove *only* criminal disposition." <u>United States v. Ayers</u>, 924 F.2d 1468, 1472-73, <u>quoting</u> <u>United States v. Rocha</u>, 553 F.2d 615, 616 (9th Cir. 1977) (emphasis in original).

    The test is not whether the evidence would simply be prejudicial.  In order for Rule 404(b) evidence to be ruled inadmissible, the evidence must be *unfairly* prejudicial.  As the court noted in <u>United States v. Parker</u>, 549 F.2d 1217, 1222 (9th Cir.), other acts evidence "is not rendered inadmissible because it is of a highly prejudicial nature . . . . The best evidence often is."

    Any evidence that tends to incriminate defendant is, by is nature, prejudicial to him.  But the proffered evidence offered by the government in this motion is so probative of the defendant's sexual interest in teenage girls, and moreover, his willingness to act on it, that the government should be permitted to submit it as evidence of defendant's motive, plan, and absence of mistake in committing the alleged offenses.  Finally, the

6

1  proffered evidence is particularly important because it is
2  evidence of actual contact between defendant and an underage
3  girl.  The defendant planned on having sex with "Cutelagirl93",
4  and the evidence proffered by the government is of precisely the
5  type that courts find appropriate in this type of case.  See,
6  e.g., Long, 328 F.3d at 661-63 (defendant's prior sexual
7  activities with non-minor teenagers admissible to prove intent in
8  interstate transport of minor for sex case); Angle, 234 F.3d at
9  343; United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001)
10 (prior sexual assaults not more unfairly prejudicial than
11 probative in sexual assault case).  These are not the type of
12 other acts to cause unfair and substantial prejudice to
13 defendant.  Accordingly, evidence of such acts is admissible.

## IV.

## CONCLUSION

16     In sum, the evidence of defendant's prior act satisfies all
17 requirements of the Ninth Circuit's test for admissibility of
18 evidence under Rule 404(b), as well as the balancing test
19 mandated by Rule 403.  Therefore, the government respectfully
20 requests that the Court allow the government to introduce the
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

foregoing evidence in its case-in-chief and to rebut defendant's case or cross-examine the defendant.

Dated: August 1, 2008            Respectfully submitted,

                                         THOMAS P. O'BRIEN
                                         United States Attorney

                                         CHRISTINE C. EWELL
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                         _____/s/_____
                                         XOCHITL D. ARTEAGA
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         United States of America